

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TEXAS RANGERS BASEBALL PARTNERS, | § | Case No. 10-43400-DML |
| | § | (U.S. Bankruptcy Court, N.D. Texas) |
| Debtor. | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., as | § | |
| First Lien Agent acting at the direction | § | |
| of Requisite Lenders, | § | |
| | § | |
| Plaintiff/Movant, | § | |
| | § | **Civil Action No.: 4:12-CV-076-A** |
| v. | § | (Related to Adversary No. 11-4124, |
| | § | U.S. Bankruptcy Court, N.D. Texas) |
| THOMAS O. HICKS, TEXAS RANGERS | § | |
| BASEBALL PARTNERS and HSG SPORTS | § | |
| GROUP HOLDINGS, LLC, | § | |
| | § | |
| Defendants/Respondents. | § | |

## TEXAS RANGERS BASEBALL PARTNERS' RESPONSE TO JPMORGAN'S MOTION REGARDING WITHDRAWAL OF THE REFERENCE AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JOHN H. MCBRYDE, U.S. DISTRICT JUDGE:

COMES NOW Texas Rangers Baseball Partners ("TRBP"), a defendant in the above-referenced Adversary Proceeding (the "Adversary Proceeding") pending before the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") and a respondent herein, and files its Response to the *Motion Regarding Withdrawal of the Reference and Brief in Support* (the "Motion")[1] filed by JPMorgan Chase Bank, N.A. ("JPMorgan"), the plaintiff in the Adversary Proceeding and the movant herein.

---

[1] Docket No. 2 in this proceeding, and Docket Nos. 15 and 17 in the Adversary Proceeding.

## I. SUMMARY OF POSITION

1.     By and through the Motion, and as a result of certain alluded to jurisdictional challenges that Thomas O. Hicks ("Hicks") and/or HSG Sports Group Holdings, LLC ("HSG Holdings" and together with Hicks, the "Hicks Defendants") may seek to later lodge against JPMorgan in relation certain so-called Fraudulent Transfer Claims[2] asserted by JPMorgan against Hicks in the underlying litigation, JPMorgan requests (i) a determination by this Court that the Bankruptcy Court has subject matter jurisdiction over the Fraudulent Transfer Claims, or (ii) in the alternative should the Court determine otherwise, that the Court withdraw its referral of the Fraudulent Transfer Claims to the Bankruptcy Court.

2.     TRBP is not opposed to either of JPMorgan's limited alternative requests for relief.   However, should the Court determine to withdraw the reference, TRBP files this Response out of an abundance to caution to reflect its opposition to withdrawal of the reference of Counts IV and V of the Complaint for the reasons more fully set forth below.

## II. FACTUAL BACKGROUND

3.     Currently pending before the Bankruptcy Court is TRBP's Chapter 11 bankruptcy proceeding, Case No. 10-43400-DML (the "Bankruptcy Case").

4.     On June 30, 2011, Hicks filed a proof of claim in the Bankruptcy Case to assert a claim against TRBP in the amount of $5,610,993.15 (the "Hicks Claim").

5.     On August 15, 2011, TRBP filed an objection to the Hicks Claim in the Bankruptcy Case.[3]  As of the date hereof, the objection remains pending before the Bankruptcy Court.

---

[2] Counts I and II of JPMorgan's *Complaint and Amended Objection* filed in the Adversary Proceeding (the "Complaint").  Adversary Proceeding, Docket No. 1 (Counts I and II are fraudulent transfer claims asserted against Hicks under Texas law).

[3] Bankruptcy Case, Docket No. 1168.

6.      On August 15, 2011, JPMorgan filed its Complaint against the Hicks Defendants and TRBP, thereby initiating the Adversary Proceeding. Count IV of the Complaint[4] asserts a claim against Hicks and TRBP for recharacterization of the Hicks Claim as a contribution of subordinated equity by Hicks to TRBP, thereby warranting disallowance of the Hicks Claim in the Bankruptcy Case. Count V of the Complaint asserts an objection to allowance of the Hicks Claim.

## III. ARGUMENT AND AUTHORITIES

7.      Pursuant to Section 157(d) of Title 28, a district court may withdraw its referral of proceedings to a bankruptcy, *in whole or in part*, for cause shown. *See* 28 U.S.C. § 157(d). Only where the resolution of the proceedings requires consideration of both the Bankruptcy Code and other federal laws regulating organizations or activities affecting interstate commerce is a district court required, on timely motion, to withdraw the reference. *See id.* In the case of the Adversary Proceeding, none of the Counts alleged in the Complaint implicate any non-bankruptcy federal statutes; therefore, the Court need only consider whether cause exists for permissive withdrawal of the reference.

8.      Because permissive withdrawal requires that cause be shown, there is a presumption that Congress intended proceedings referred to the bankruptcy court to be adjudicated by the bankruptcy court absent the existence of some other contravening policy. *In re American Solar King Corp.*, 92 B.R. 207, 209 (W.D. Tex. 1988); *In re Delaware & Hudson Ry. Co.*, 122 B.R. 887, 893 (D. Del. 1991).

9.      To aid courts in assessing whether cause exists for withdrawal of the reference, the Fifth Circuit has promulgated the following factors to be considered: (i) whether the

---

[4] Count IV of the Complaint is the only Count asserted by JPMorgan against TRBP.

proceeding is core or non-core; (ii) the effect of withdrawal of the reference on judicial efficiency; (iii) the impact of withdrawal on uniformity in bankruptcy administration; (iv) whether withdrawal will reduce forum shopping; (v) whether withdrawal will foster the economic use of resources of the debtor and creditors; (vi) whether withdrawal will expedite the bankruptcy process; and (vii) whether or not a jury demand has been made. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).

10.    Here, while JPMorgan has not requested withdrawal of the reference of any of the Counts other than the Fraudulent Transfer Claims (and only in the alternative), should the Court determine that its referral of the Fraudulent Transfer Claims to the Bankruptcy Court should be withdrawn, TRBP asserts that such withdrawal should be limited to the Fraudulent Transfer Claims only, and should expressly exclude Counts IV and V of the Complaint in particular, for the following reasons:

(a)    Core Proceedings. Counts IV and V of the Complaint constitute core proceedings involving determination of the allowable amount and character of the Hicks Claim in the Bankruptcy Case; therefore, the Bankruptcy Court may hear and determine such claims pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

(b)    Judicial Efficiency and Uniformity. Judicial efficiency and uniformity in bankruptcy administration will best be achieved by permitting the Bankruptcy Court to retain jurisdiction of Counts IV and V, inasmuch as TRBP's separately-pending objection to the Hicks Claim is also pending before the Bankruptcy Court.

(c)    Conservation of Resources. Limiting withdrawal of the reference to the Fraudulent Transfer Claims will not unduly increase expense to any of the parties, inasmuch as

the nature and elements of, and factual bases for, the Fraudulent Transfer Claims are distinctly different than those applicable to Counts IV and V.

(d)     Expedition of Bankruptcy Process. Withdrawal of the reference of Counts IV and V will not expedite the bankruptcy process; rather, it would likely delay the bankruptcy process by entangling proceedings involving determination of the Hicks Claim with fraudulent transfer claims associated with transfers by HSG Holdings to Hicks.

(e)     Waiver of Jury Trial Rights. No viable jury demand has been made in relation to Counts IV and V. In this regard, while Hicks has asserted a jury demand, by filing the Hicks Claim and submitting to the equitable jurisdiction of the Bankruptcy Court, Hicks waived any right that he may have had to a jury trial in relation to determination of the allowable amount and character of the Hicks Claim. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57-60 (1989) (citing *Katchen v. Landry*, 382 U.S. 323 (1966)); *Trans Mktg. Houston, Inc. v. Aquila Energy Mktg. Corp. (In re Trans Mktg.)*, No. 96-20592, 117 F.3d 1417, 1997 WL 336190, at *8 (5th Cir. May 30, 1997) ("[W]hen a bankruptcy creditor files a proof of claim, it submits itself to the bankruptcy court's equitable powers and thereby waives its right to a jury trial").

## IV. CONCLUSION

11.     For the foregoing reasons, while TRBP is not opposed to the specific alternative requests for relief sought by JPMorgan in the Motion, should the Court determine to withdraw the reference of the Fraudulent Transfer Claims, TRBP submits that such withdrawal should be limited to the Fraudulent Transfer Claims and expressly exclude Counts IV and V of the Complaint.

Dated: February 15, 2012

Respectfully submitted,

Phil C. Appenzeller, Jr.
Texas Bar No. 24003710
E. Lee Morris
Texas Bar No. 00788079
Devon D. Sharp
Texas Bar No. 24060593
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: papenzeller@munsch.com
Email: lmorris@munsch.com
Email: dsharp@munsch.com

**ATTORNEYS FOR TEXAS RANGERS
BASEBALL PARTNERS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2012, I caused a true and correct copy of the foregoing pleading to be served by U.S. first class mail, postage prepaid, on each of the following counsel of record:

Robert J. Malionek
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

Wayne S. Flick
Julie R.F. Gerchik
Latham & Watkins LLP
355 S. Grand Ave. #100
Los Angeles, CA 90071

Michael R. "Buzz" Rochelle
Scott M. DeWolf
Rochelle McCullough LLP
325 North Saint Paul St., Suite 4500
Dallas, TX 75201

Lewis T. LeClair
Brett M. Charhon
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Basil A. Umari
McKool Smith P.C.
600 Travis Street, Suite 7000
Houston, TX 77002

Patrick J. Neligan
James P. Muenker
John D. Gaither
Neligan Foley LLP
325 N. Saint Paul, Suite 3600
Dallas, TX 75201

Devon D. Sharp