Lewis T. LeClair, SBT #12072500
Brett M. Charhon, SBT #24040674
McKOOL SMITH P.C.
300 Crescent Court, Ste. 1500
Dallas, Texas 75201
lleclair@mckoolsmith.com
bcharhon@mckoolsmith.com

Basil A. Umari, SBT #24028174
McKOOL SMITH P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
bumari@mckoolsmith.com

ATTORNEYS FOR THOMAS HICKS

Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com

NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Telecopier: (214) 840-5301

ATTORNEYS FOR HSG SPORTS
GROUP HOLDINGS, LLC

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 FEB 21 PM 2:05

CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| TEXAS RANGERS BASEBALL PARTNERS., | § § § | CASE NO. 10-43400-dml-11 |
| DEBTORS. | § § | |

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:12-CV-076-A |
| | § § | Adversary Case No. 11-04124-dml |
| THOMAS O. HICKS, TEXAS RANGERS BASEBALL PARTNERS, and HSG SPORTS GROUP HOLDINGS, LLC, | § § § § § § | |
| Defendants. | § § | |

## HICKS DEFENDANTS' RESPONSE TO JPMORGAN'S MOTION REGARDING WITHDRAWAL OF THE REFERENCE

Defendants Thomas O. Hicks ("Hicks") and HSG Sports Group Holdings, LLC ("HSG Holdings") (collectively the "Hicks Defendants") file this response to the Motion regarding

Withdrawal of the Reference (the "Motion") filed by Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") in the above-captioned adversary proceeding (the "Adversary Proceeding"), and in support state as follows:

### I. SUMMARY OF RESPONSE

1. JPMorgan's Motion would be more properly titled a "Motion *Not* to Withdraw the Reference." In the Motion, JPMorgan seeks no affirmative relief from the Court. Instead, JPMorgan argues with conviction that the Bankruptcy Court has jurisdiction over all of its claims and requests that the Court decline to withdraw the reference. Given that no party in the Adversary Proceeding has requested that the Court withdraw the reference, JPMorgan's Motion is unnecessary and improper. As JPMorgan makes abundantly clear in the Motion, it believes the Court has jurisdiction over all of its claims. As such, the Court should take no action with respect to the Motion and JPMorgan should be allowed to proceed in the court of its choosing.

2. In the event that the Court decides *sua sponte* to withdraw the reference as to any of JPMorgan's claims, the Hicks Defendants request that the Court withdraw the reference as to all of JPMorgan's claims so that all of JPMorgan's related claims against the Hicks Defendants may be efficiently adjudicated in a single proceeding. All of JPMorgan's claims arise out of pre-petition transactions between Hicks, HSG Holdings, and TRBP and thus considerations of judicial economy require that these claims all be tried together.

### II. THE COURT SHOULD TAKE NO ACTION IN RESPONSE TO THE MOTION

3. JPMorgan believes that the Bankruptcy Court has jurisdiction over all of the claims it has asserted in the Adversary Proceeding, including its fraudulent transfer claims. *See, e.g.,* Motion at 11 ("The Bankruptcy Court Has Jurisdiction Over All of JPMorgan's Claims"). The Motion seeks no affirmative relief (indeed, JPMorgan requests that the Court refuse to withdraw the reference), and neither the Hicks Defendants nor Texas Rangers Baseball Partners

("TRBP") have asserted a formal challenge to the Bankruptcy Court's jurisdiction or requested that the Court withdraw the reference.[1] In light of these facts, the Hicks Defendants request that the Court take no action on the Motion.

4. The Hicks Defendants take no position with respect to the Bankruptcy Court's jurisdiction over JPMorgan's claims at this time. As has been the case since filing their answers in the Adversary Proceeding, the Hicks Defendants are prepared to proceed either in the court of JPMorgan's choosing – the Bankruptcy Court – or the United States District Court for the Northern District of Texas. The Hicks Defendants fully reserve all of their jurisdictional arguments and objections and will raise them, if necessary, at the appropriate time. *See Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011) (litigants cannot create subject matter jurisdiction by waiver or consent); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (well-settled that subject matter jurisdiction may be challenged at any time on appeal); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002) ("Parties cannot waive a want of subject matter jurisdiction.").

### III. JPMORGAN'S CLAIMS SHOULD BE ADJUDICATED IN A SINGLE PROCEEDING

5. As noted above, no party in the Adversary Proceeding has requested that the Court withdraw the reference. Nonetheless, the Hicks Defendants recognize that, absent a motion by a party, the Court may withdraw the reference on its own motion. 28 U.S.C. § 157(d); *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 879 (E.D. La. 2011). In the event the Court decides that the reference should be withdrawn as to any of the

---

[1] In the Certificate of Conference attached to the Motion, JPMorgan asserts that the Hicks Defendants "oppose[] the relief requested in the Motion." Motion at 27. It is debatable whether there is any "relief" requested in the Motion to which the Hicks Defendants can be opposed.

claims asserted in the Adversary Proceeding, the Hicks Defendants request that the reference be withdrawn as to all of JPMorgan's claims.

6.  All of the claims JPMorgan asserts in the Adversary Proceeding arise out of the same nucleus of operative facts. Generally speaking, JPMorgan's claims arise out of several related pre-petition transactions between Hicks, HSG Holdings, and Texas Rangers Baseball Partners. *See* Motion at 9 ("The five claims JPMorgan assets against Hicks arise from two separate but related sets of insider transaction . . ."). In the interest of judicial economy, these related claims should all be adjudicated in a single proceeding. Under similar circumstances, this Court previously observed that:

> adjudicating all of the claims . . . in the district court eliminates the prospect of an appeal from the bankruptcy judge's adjudications . . . and dispenses with the need for the district court to conduct a *de novo* review of proposed findings and conclusions of the bankruptcy judge after a trial in the bankruptcy court . . . . And, for the same reasons, withdrawal of the reference will foster the economical use of the resources of the litigants.

*Mirant Corp. v. The Southern Co.*, 337 B.R. 107 (N.D. Tex. 2006); *see also Gulf States*, 455 B.R. at 879 (reaching same conclusion). In addition, the adjudication of JPMorgan's claims in a single proceeding will eliminate the expense and burden of duplicative discovery in parallel proceedings. As in *Mirant* and *Gulf States*, if the reference is withdrawn as to some of JPMorgan's claims, it should be withdrawn as to all so that all of JPMorgan's related claims may be determined efficiently in a single proceeding.

## IV. PRAYER

7.  For the reasons set forth above, the Hicks Defendants request the take no action with respect to the Motion. In the event the Court deems it appropriate to withdraw the reference as to any of JPMorgan's claims, the Hicks Defendants request that the Court withdraw the

reference as to each of JPMorgan's claims so that the issues raised in the Adversary Proceeding may be tried in a single proceeding before the Court.

Date: February 21, 2012                                          Respectfully submitted,

_____                                        _____
Lewis T. LeClair, SBT #12072500                                  Patrick J. Neligan, Jr.
Brett M. Charhon, SBT #24040674                                  Texas Bar No. 14866000
McKOOL SMITH P.C.                                                pneligan@neliganlaw.com
300 Crescent Court, Ste. 1500                                    John D. Gaither
Dallas, Texas 75201                                              Texas Bar No. 24055516
lleclair@mckoolsmith.com                                         jgaither@neliganlaw.com
bcharhon@mckoolsmith.com

                                                                 NELIGAN FOLEY LLP
Basil A. Umari, SBT #24028174                                    325 N. St. Paul, Suite 3600
McKOOL SMITH P.C.                                                Dallas, Texas 75201
600 Travis Street, Suite 7000                                    Telephone: (214) 840-5300
Houston, Texas 77002                                             Telecopier: (214) 840-5301
bumari@mckoolsmith.com

                                                                 ATTORNEYS FOR HSG SPORTS
ATTORNEYS FOR THOMAS HICKS                                       GROUP HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2012, this response was served via first class mail, postage prepaid, on each of the following:

Robert J. Malionek
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022

Wayne S. Flick
Julie R.F Gerchik
Latham & Watkins LLP
355 S. Grand Avenue #100
Los Angeles, CA 90071

Michael R. "Buzz" Rochelle
Scott M. DeWolf
Rochelle McCullough LLP
325 N. St. Paul St., Suite 4500
Dallas, TX 75201

Phil C. Appenzeller, Jr.
E. Lee Morris
Devon D. Sharp
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201

_____
John D. Gaither